IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID WAYNE ANDERSON, | ) |
| | ) Civil Action No. 7:22cv00258 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| DET. BRAD ROOP, *et al.*, | ) By:   Hon. Thomas T. Cullen |
| | )        United States District Judge |
| Defendants. | ) |

Plaintiff David Wayne Anderson, a Virginia prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis*. But at least three of Anderson's previous actions have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.[1] Therefore, Anderson may not proceed with this action unless he either prepays the filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As Anderson has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice pursuant to § 1915(g).

---

[1] *See e.g., Anderson v. Hale, et al.*, Civil Action No. 7:97cv501 (W.D. Va. Sept. 17, 1997) (dismissed for failure to state a claim); *Anderson v. Hale, et al.*, Case No. 97-7344 (4th Cir. Mar. 18, 1998) (affirming dismissal for failure to state a claim); *Anderson v. Lowe, et al.*, Civil Action No. 7:19cv785 (W.D. Va. Dec. 14, 2020) (dismissed for failure to state a claim); *Anderson v. Roop, et al.*, Civil Action No. 7:19cv155 (W.D. Va. Feb. 19, 2021) (dismissed for failure to state a claim); *Anderson v. Roop, et al.*, Case No. 21-6866 (4th Cir. Dec. 15, 2021) (affirming dismissal for failure to state a claim).

[2] Anderson alleges that there were "procedural misconduct" and "clear trial errors" leading to his 46-count indictment and subsequent convictions for possessing child pornography and other related charges in the Washington County Circuit Court. (Compl. at 4 [ECF No. 1].) Anderson's allegations do not suggest that he is under imminent danger of serious physical injury. *See Springer v. Day*, No. 7:16cv261, 2016 U.S. Dist. LEXIS 76270, at *3, 2016 WL 3248601, at *1 (W.D. Va. June 13, 2016) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531

The clerk is directed to send copies of this Memorandum Opinion and accompanying Order to Anderson.

**ENTERED** this 17th day of June, 2022.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

(7th Cir. 2002)) ("Courts have held that the imminent danger exception to § 1915(g)'s 'three strikes' rule must be construed narrowly and applied only for 'genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate' to the alleged official misconduct.") Moreover, many of the allegations in his complaint have already been addressed by the court. *See Anderson v. Lowe, et al.*, Civil Action No. 7:19cv785 (W.D. Va. Dec. 14, 2020); *Anderson v. Roop, et al.*, Civil Action No. 7:19cv155 (W.D. Va. Feb. 19, 2021).

- 2 -